## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DANIEL KOOI, derivatively on behalf of WORLD WRESTLING ENTERTAINMENT, INC., | : : : : | CASE NO. 3:20-CV-00743 |
| Plaintiff, | : : : | |
| v. | : : | |
| VINCENT K. MCMAHON, FRANK A. RIDDICK III, JEFFREY R. SPEED, PATRICIA A. GOTTESMAN, STUART U. GOLDFARB, LAUREEN ONG, PAUL LEVESQUE, ROBYN W. PETERSON, STEPHANIE MCMAHON, MAN JIT SINGH, ALAN M. WEXLER, GEORGE A. BARRIOS, and MICHELLE D. WILSON | : : : : : : : : : : | |
| Defendants. | : : | |
| WORLD WRESTLING ENTERTAINMENT, INC. | : : : : | |
| Nominal Defendant. | : | JUNE 1, 2020 |

## NOTICE OF REMOVAL

Defendants Vincent K. McMahon, Frank A. Riddick, III, Jeffrey R. Speed, Patricia A. Gottesman, Stuart U. Goldfarb, Laureen Ong, Paul Levesque, Robyn W. Peterson, Stephanie McMahon, Man Jit Sing, Alan M. Wexler, George A. Barrios, and Michelle D. Wilson ("Defendants") and Nominal Defendant World Wrestling Entertainment, Inc. ("Nominal Defendant" or "WWE") hereby remove the above-identified civil action (the "Action") that was commenced in the Connecticut Superior Court, Judicial District of Stamford / Norwalk at Stamford (the "State Court") pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a) and 15 U.S.C. § 78aa(a).

1

1.      Removal is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 78aa(a).  In particular, and as set forth below, this Action necessarily raises a disputed and substantial federal question, and any other claims are subject to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.  Defendants file this Notice of Removal without waiving any right, defense, affirmative defense, or motion, including as to whether Plaintiff is entitled to any relief or damages described in the Complaint or to pursue this matter on behalf of the Nominal Defendant.

**I.      Background on This Action.**

2.      Plaintiff filed this purported shareholder derivative action in the State Court on May 7, 2020.  Plaintiff, on behalf of Nominal Defendant WWE, asserts two counts (breach of fiduciary duty and unjust enrichment) against all of the Defendants, who are directors and/or officers of WWE.  The allegations in the Complaint relate to alleged misstatements and omissions that Defendants allegedly either made themselves or caused WWE to make with respect to business dealings between WWE and Saudi Arabia.  *See, e.g.*, Compl. ¶¶ 2-10.  Plaintiff alleges that, as a result of the alleged conduct, the price of WWE stock decreased and, accordingly, the company was damaged.  *Id.* ¶¶ 11-12.

3.      The same allegations raised in Plaintiff's Complaint are the subject of two federal securities fraud lawsuits brought as purported class actions on behalf of WWE shareholders, each of which preceded the filing of this Action and alleges that WWE and three of its senior executives (all of whom are named as Defendants in this lawsuit) violated the federal securities laws, including the Securities Exchange Act of 1934 (the "Exchange Act") and rules promulgated thereunder.  *See City of Warren Police & Fire Ret. Sys. v. World Wrestling Entmt., Inc., et al.*, Case No. 20-cv-02031 (S.D.N.Y.); *Szaniowski v. World Wrestling Entmt., Inc., et al.*, Case No. 20-cv-02223 (S.D.N.Y.) (the "Federal Securities Lawsuits").  Those cases were consolidated on

May 12, 2020. The factual allegations in the Complaint in this Action are substantially identical to those in the Federal Securities Lawsuits, and Plaintiff acknowledges that the *City of Warren* action is "related" and that it was a factual source for his Complaint in this Action. *See* Compl. at pgs. 1-2.

4. There is also another shareholder derivative lawsuit purportedly brought on behalf of WWE that was filed in this Court by another WWE shareholder against the same Defendants (other than two individuals named in this Action). *See Merholz et al. v. McMahon, et al.*, No. 3:20-cv-00557 (D. Conn.). That case includes claims based on near-identical factual allegations and the same two causes of action purportedly asserted in this Action (breach of fiduciary duty and unjust enrichment), as well as waste and violations of two provisions of the Exchange Act.

## II.     Grounds for Removal

5. Removal of this case is based on 28 U.S.C. §§ 1331, 1441(a), and 1367. In particular, removal is proper under 28 U.S.C. § 1441(a) because this case presents a federal question (as explained further below) and thus the district courts of the United States have original jurisdiction over this Action under 28 U.S.C. § 1331 and 15 U.S.C. § 78aa(a). Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over any other claims asserted in Plaintiff's Complaint.

### A.     Standards for Federal Question Jurisdiction

6. In addition to cases that directly include a federally-created cause of action, federal question jurisdiction under 28 U.S.C. § 1331 also applies when a state law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue, Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). *See also N.Y. ex rel. Jacobson v. Wells Fargo Nat'l Bank. N.A.*, 824 F.3d 308, 315-16 (2d

Cir. 2016) ("A state-law claim 'necessarily' raises federal questions where the claim is affirmatively 'premised' on a violation of federal law.").

7. The Exchange Act provides that federal district courts "shall have exclusive jurisdiction of violations of [the Exchange Act] or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder." 15 U.S.C. § 78aa(a). The Supreme Court has interpreted this grant of jurisdiction to be coincident with the scope of federal question jurisdiction, i.e., to cover those suits "arising under" the Exchange Act. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1567 (2016). Thus, jurisdiction under the Exchange Act encompasses cases where federal law creates the cause of action and cases (like those set out in *Grable*) "in which a state-law cause of action is 'brought to enforce' a duty created by the Exchange Act because the claim's very success depends on giving effect to a federal requirement." *Id.* at 1570.

**B.     This Action Necessarily Raises a Substantial and Disputed Federal Issue Over Which This Court May Exercise Jurisdiction**

8. Under the doctrine set out in *Grable*, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Jacobson*, 824 F.3d at 316 (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)). Each of these elements is present here.

*Plaintiff's Allegations Necessarily Raise Federal Issues*

9. As described above, the Complaint alleges that Defendants made misrepresentations and omitted material information in disclosures related to business dealings between WWE and Saudi Arabia. The allegations in the Complaint are substantially identical to, and admittedly based on, the allegations set out in the Federal Securities Lawsuits, which

4

exclusively allege violations of the federal securities laws, including the antifraud provisions of the Exchange Act, by WWE and some of the individual Defendants.

10. Plaintiff's claims are directly tied to and necessarily depend upon alleged violations of the Exchange Act, particularly Section 10(b), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. Among other things, Rule 10b-5 makes it unlawful to, in connection with the purchase or sale of any security, "make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading." 17 C.F.R. § 240.10b-5. Plaintiff alleges damages to the company due to "statements made by the Individual Defendants [that] were false and misleading because the Individual Defendants failed to disclose" certain allegedly material information. Compl. ¶ 66. Plaintiff recites several paragraphs of alleged material misstatements made to shareholders and the market, including through quarterly and annual public reports filed with the SEC. Compl. ¶¶ 49-66.

11. The Complaint brings two counts: (1) for breach of fiduciary duty, and (2) for unjust enrichment due to receipt of compensation while breaching those fiduciary duties. Compl. ¶¶ 75-76, 79-80. In particular, Plaintiff alleges that the Individual Defendants "breached their fiduciary duties to direct WWE's business and affairs **in accordance with the laws, rules and regulations applicable to its business, including the federal securities laws, rules and regulations**." Compl. ¶ 75 (emphasis added). The federal securities laws are the only basis pled for the alleged failure by Defendants to direct the company's business and affairs in accordance with the law. Further, this breach of duty allegedly occurred through actions by Defendants "causing or allowing the Company to **disseminate to WWE shareholders materially misleading and inaccurate information through, inter alia, SEC filings, press releases, conference calls, and other public**

5

**statements and disclosures** as detailed herein." Compl. ¶ 76 (emphasis added). In other words, the entire basis of the supposed breaches of fiduciary duty by Defendants is that they managed the Company in a way that caused it to allegedly violate the federal securities laws and to issue materially misleading and inaccurate information in violation of those laws.

### *The Federal Issues Are Disputed*

12. Defendants intend to vigorously defend this action. The allegations related to the federal securities laws go to the heart of Plaintiff's claims, both as to the merits and as to Plaintiff's allegations regarding demand futility.

### *The Federal Issues Are Substantial*

13. The federal questions raised in this Action are also "substantial" under *Grable*. Substantiality ensures "a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable*, 545 U.S. at 313. This element "looks to the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260.

14. Congress has determined that compliance with duties or obligations created under the federal securities laws, and related liability for making false or misleading statements in connection with the purchase or sale of securities, are important federal interests that should be vindicated *exclusively* in federal courts. 15 U.S.C. § 78aa(a). Congress has also repeatedly recognized the importance of the federal private right of action to vindicate these claims, and courts have acknowledged that "the interpretation and application of the federal securities laws ... [are] areas of undisputed strong federal interest." *D'Alessio v. New York Stock Exch., Inc.*, 258 F.3d 93, 100 (2d Cir. 2001).

15. The federal issue is also dispositive of the Plaintiff's claims. Liability is entirely premised on the Defendants' alleged failure to direct WWE's business and affairs "in accordance

6

with the laws, rules and regulations applicable to its business, including the federal securities laws, rules and regulations." Compl. ¶ 75.  The <u>only</u> laws and regulations invoked in the Complaint are the federal securities laws, the allegations mirror the Federal Securities Lawsuits, and the injuries relate entirely to misstatements or failures to disclose material information—issues addressed by Section 10(b) and Rule 10b-5 of the Exchange Act.  Finally, there are three other lawsuits raising the exact same issues: the two Federal Securities Lawsuits pending in the Southern District of New York and another purported shareholder derivative lawsuit pending in this Court.  A decision on the federal question will be determinative in all of these cases.

### *The Federal Forum May Entertain the Case*

16. This federal forum may entertain these questions without disturbing any congressionally-approved balance of federal and state judicial responsibilities.  Indeed, Congress has expressly determined that actions brought to enforce any liability or duty created by the Exchange Act should *exclusively* be heard in federal court.  15 U.S.C. § 78aa(a).  This is consistent with the substantial federal regulation of the securities markets and reflects a strong signal that resolution of the case in the federal forum will comport with the federal-state balance approved by Congress.  *See NASDAQ OMX Grp., Inc. v. UBS Sec., LLC*, 770 F.3d 1010, 1030 (2d Cir. 2014); *D'Alessio*, 258 F.3d at 104.  Federal courts also routinely handle shareholder derivative actions, particularly where the claims relate to violations of the federal securities laws, such that removal of this case will not upset any balance of interests between federal and state courts.

\*     \*     \*

17. Accordingly, this Court properly has subject matter jurisdiction over this Action under 28 U.S.C. § 1331 and 15 U.S.C. § 78aa(a).

### III.  Procedural Compliance

18. All procedural requirements for removal are satisfied.

19. Removal to this Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because this district encompasses the State Court where the Action was filed.

20. Copies of all process, pleadings, and orders served on Defendants are attached as Exhibit A. Copies of all other papers filed in the State Court are attached as Exhibit B.

21. This removal is filed on behalf of all Defendants in the action, who are represented by the undersigned counsel signing and filing this Notice of Removal on their behalf.

22. Removal is timely under 28 U.S.C. § 1446(b)(1) because Defendants filed this Notice within 30 days of being served a copy of the summons and Complaint. Plaintiff filed this Action against the Defendants in the State Court on May 7, 2020. The Defendants, through counsel, agreed to accept service of the Complaint on May 4, 2020.

23. Contemporaneous with the filing of this Notice, Defendants have given written notice to Plaintiff and will be filing a copy of this Notice with the State Court, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, removal of this Action to this Court is proper, and this case is hereby removed to this Court.

Respectfully submitted,

DEFENDANTS VINCENT K. MCMAHON, FRANK A. RIDDICK III, JEFFREY R. SPEED, PATRICIA A. GOTTESMAN, STUART U. GOLDFARB, LAUREEN ONG, PAUL LEVESQUE, ROBYN W. PETERSON, STEPHANIE MCMAHON, MAN JIT SINGH, ALAN M. WEXLER, GEORGE A. BARRIOS, and MICHELLE D. WILSON, and NOMINAL DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.,

By: */s/ Jeffrey P. Mueller*
Jeffrey P. Mueller (ct27870)
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103
Phone: (860) 275-0100
Fax: (860) 275-0343
Email: jmueller@daypitney.com

Jerry S. McDevitt (*pro hac vice* forthcoming)
Curtis B. Krasik (*pro hac vice* forthcoming)
K&L Gates LLP
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: (412) 355-6500
Fax: (412) 355-6501
jerry.mcdevitt@klgates.com
curtis.krasik@klgates.com

Stephen G. Topetzes (*pro hac vice* forthcoming)
Theodore L. Kornobis (*pro hac vice* forthcoming)
K&L Gates LLP
1601 K Street, NW
Washington, DC 20006
Phone: (202) 778-9000
Fax: (202) 778-9100
stephen.topetzes@klgates.com
ted.kornobis@klgates.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on June 1, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

I further certify that, on June 1, 2020, a copy of the foregoing was sent by e-mail and regular mail to counsel of record for the Plaintiff at:

Jonathan Shapiro, Esq.
Aeton Law Partners LLP
101 Centerpoint Drive
Suite #105
Middletown, CT 06457
Email: JMS@aetonlaw.com

                                           */s/ Jeffrey P. Mueller*
                                           Jeffrey P. Mueller (ct27870)